AMERICAN CAN CO. v. HAYS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8323. Decided Oct. 24, 1927.

First Publication of This Opinion.

Syllabus by Editorial Staff.

631. INDUSTRIAL COMMISSION—85. Appeal—480 Evidence.

On appeal from Industrial Commission to Common Pleas Court, submission to jury of entire transcript, including things which are not evidence, held sufficient grounds for reversal.

Eror to Common Pleas.

Judgment reversed.

Dustin, McKeehan, Merrick, Arter & Stewart, Cleveland, for Can Co.

Bernsteen & Bernsteen, Cleveland, for Hays.

STATEMENT OF FACTS.

In the court below Wm. J. Hays filed an appeal from the refusal to grant an award by the Industrial Commission, for injuries which he claimed occurred to him while in, and during the course of his employment. He made his application in due time to the Industrial Commission and evidence was taken and hearings had, at the conclusion of which the Industrial Commission denied his application to participate in the fund. Within proper time a petition was filed in the Common Pleas Court, or an appeal from the Industrial Commission's refusal to allow him compensation.

At the hearing before the Common Pleas Court and jury, a verdict in his favor was rendered. Several grounds of error are urged why this case should be reversed.

VICKERY, J.

It seems that in the instant case the Court of Common Pleas permitted to go to the jury the transcript of all the proceedings before the Commission.

It will be noted that Section 1465-90 provides: "The Industrial Commission of Ohio shall certify with its answer a transcript of its record relating to the matter in which the appeal is taken, and the court, or the jury, under the instructions of the court, if a jury is demanded, shall determine the right of the claimant upon the evidence contained in such record and no other evidence." It will be noticed that under the statute where there has been an appeal it shall be the duty of the Industrial Commission to certify the record to the Common Pleas Court, including all of its proceedings, but that the court, if it is tried to the court, or the jury, if one is demanded, shall determine the issues upon the evidence that was introduced below, and no other evidence. Now in the instant case it appears that the evidence that was introduced below was not the only thing offered in evidence, either by reading it from the transcript, or by having people testify as to what it was, if that would be proper, but the entire record, including the findings of the referees, or whatever you might call them, the arguments, the certificates and everything that is contained in the transcript that occured at the trial, went to the jury.

The transcript of the proceedings of a hearing before the Commission contained in the instant case a lot of things which were not evidence in the court below. There were the reasons given by a referee why in one instance he found against the plaintiff and by another referee reasons why he found in favor of the plaintiff, and the certificate and everything that occurred in the transcript went to the jury over the objection and exception of the counsel for The American Can Company. Now, then, if that were prejudicial, it clearly was erroneous, because it permitted to go to the jury things which were not evidence, and the jury were permitted to find their verdict not upon the evidence, either legal evidence or hearsay evidence, or both, but upon what somebody who was not a witness, should draw as certain conclusions, and the jury was permitted to have those conclusions in its deliberations. In this case there was the finding of one of the referees for the appellant and it would have a very powerful effect in persuading a jury that the Commission had turned down this claim when it should, as a matter of fact in the opinion of one of their investigators at least, have been allowed.

We think, therefore, that the court permitted things to go to the jury in this case which

might have an effect upon the jury to determine their verdict in favor of the plaintiff, when as a matter of fact it was not evidence either legal or hearsay, and the verdict of the jury was founded upon not the evidence that was introduced in the court below, but by arguments and statements made by those who were not sworn and who did not give evidence and which could not be regarded as either legal evidence or hearsay evidence, or **evidence of any character** which could be introduced in court.

The judgment will, therefore, be **reversed** and the case remanded to the Common Pleas Court for a new trial.

Sullivan, PJ., and Levine, J., concur.